CHESTER A. LE ROCKER, PROSECUTOR, v. BOROUGH OF
BOGOTA, RESPONDENT.

Decided August 21, 1925.

Taxes and Assessments—Assessment of Benefits—Street Im-
provements—Should Report of Assessment Commissioners
be Confirmed by Circuit Court or by Mayor and Council—
Statutes Conflicting, but Carefully Examined—Held, That
if the Hearing was Under a Writ of Certiorari, the Finding
Would be That Confirmation Should be by the Mayor and
Council Notwithstanding the Proviso of 1925, but as it is
on a Rule to Show Cause, and the Question is a Fairly De-
batable One, the Writ Should be Allowed—Whether the Com-
missioners Examined the Work Prior to or Subsequent to
Hearing, Immaterial, but the Question May Also be Argued
on the Writ.

On rule to show cause why a writ of *certiorari* should not
issue.

For the prosecutor, *Messrs. DeTurck & West*.

For the respondent, *Benjamin R. Buffet*.

CAMPBELL, J.

This matter is before me on a rule to show cause allowed
by me, why a writ of *certiorari* should not issue to review an
assessment for the improvement of Palisade avenue, in the
borough of Bogota, and a resolution of the mayor and council
confirming such assessment

The matter is presented upon a stipulation of facts, which
facts are as follows:

By an ordinance approved July 10th, 1923, Palisade ave-
nue, including that portion thereof in front of prosecutor's
property, was improved by repaving, &c. The contract for
the work was awarded August 28th, 1923, and the improve-
ment completed November 27th, 1923.

On February 14th, 1924, the governing body of the borough,
pursuant to section 14, article 20, of the Home Rule act of

1917, as amended and supplemented, notified the assessment commissioners of the completion of the work of improvement and requested the making and levying of assessments for benefits accruing from such improvement. Pursuant to statute the commissioners of assessment fixed June 13th, 1924, at the borough hall, as the time and place for hearing persons in interest, and such meeting was held at such time and place.

The assessment commissioners filed their report of assessments with the mayor and council, such report bearing date May 29th, 1925, and such report and the assessments returned thereby were affirmed by the mayor and council June 1st, 1925.

Only two questions are involved:

1. Should the report of the assessment commissioners as to their assessments for the improvement of Palisade avenue have been confirmed by the Bergen County Circuit Court, or was it and the assessments properly confirmed by the mayor and council.

2. Were the proceedings of said assessment commissioners, as set forth in their report, and the report of their proceedings, irregular and illegal, in that it does not appear in said report that they examined said work and viewed all lands and real estate in the vicinity of said local improvement, benefited by such improvement, prior to the hearing of persons interested on June 13th, 1924.

The solution of the first question rests upon the interpretation of *Pamph. L.* 1925, *ch.* 71, amending sections 27 and 30 and other sections of the Home Rule act of 1917, and repealing the amendment of 1924 (*Pamph. L.* 1924, *ch.* 228), and, for this purpose, a history of the Home Rule act is necessary.

So far as the present matter is concerned sections 14, 27 and 30 of article 20 are the only ones requiring attention.

The original Home Rule act is *Pamph. L.* 1917, § 14, *ch.* 152, seems to stand unchanged by amendment or supplement.

Sections 27 and 30 were amended by *Pamph. L.* 1924, *ch.*

228, and this act in turn was repealed by *Pamph. L.* 1925, *ch.* 71.

Sections 14 provides that upon the completion of any local improvement the board or body having charge thereof shall immediately notify the officer or board charged with the duty of making assessments for benefits, and request the making of assessments, and also provides that the board or body having charge of making such improvement shall furnish the assessing officer or board, in detail, the cost of such improvement.

Section 27 of the original act provides, among other things, that upon the making of such assessments the assessing officer or body shall make a report in writing to the governing body, and that body shall then proceed to confirm or otherwise dispose of the assessments so reported.

The amendment of 1924 (*Pamph. L.* 1924, *ch.* 228) so changes section 27 as to provide that upon completing the assessments the assessing officer or board shall certify them to the Circuit Court of the county in which the municipality is situated, for proceedings to be had thereon by that court looking toward confirmation of such assessments.

Section 30 of the act of 1917 provided, amongst other things: "Every assessment for local improvements of any kind, together with interest thereon  *  *  *  shall, upon confirmation of the same by the governing body, be a first and paramount lien upon the lot of land described in said assessment  *  *  *."

The amendment of 1924 (*Pamph. L.* 1924, *ch.* 228) caused the language to be: "Every assessment for local improvements of any kind  *  *  *  shall upon confirmation of the same by the Circuit Court of the county in which such municipality is situated be a first and paramount lien upon the lot described in such assessment  *  *  *."

The amendment of 1924 was approved March 12th, 1924, and the amendment of 1925 was approved March 12th, 1925, so that when notice of completion of improvement was given to and requests to make assessment was made upon the assessment commissioners on February 14th, 1924, the sections

of the original act were in effect; when the meeting to hear objections was held June 13th, 1924, sections 27 and 30 had become amended, and when the report of assessments was made, May 29th, 1925, the amendment of 1924 had been repealed and the sections as they originally stood were again effective unless the situation and proviso in the repealer of 1925 brought about a different result.

The proviso in the repealing act of 1925 is: "Provided, however, that the repeal of said act shall not operate to vacate, impair or in anywise interfere with any proceeding or proceedings instituted pursuant to the provisions of said act, and all such proceedings shall be continued and concluded in the manner in said act directed."

But for this repealer the report and assessments would have been made and returned to the Bergen County Circuit Court, which tribunal would have dealt with the question of confirmation. The purpose of the repealing act was to place this duty, power and function back in the governing body of the municipality, where it resided under the terms of the original act of 1917. Had the report been made at any time prior to March 12th, 1925, there could be no difficulty in determining that by force of the proviso in the repealing act the proceedings before the Bergen County Circuit Court, upon confirmation, would continue to a conclusion, irrespective of the repealer. As the report was made subsequent to the repealing act becoming effective, it is necessary, in order to construe the proviso to mean that such report should nevertheless have been made to the Circuit, and the proceedings on or about confirmation proceed therein, to find and hold. that by "proceeding" in the proviso, the legislature intended to designate and consider the making of the assessments and the confirmation thereof one single proceeding, that is, from the request to make the assessments to the confirmation thereof was one single, indivisible procedure. I am not inclined to place such a construction upon the language employed in the proviso to the amendment. If I were hearing the matter under a writ of *certiorari* I would hold that the filing of the report and assessments with the mayor and

council of the borough, and the confirmation of the assessments by that body was proper, notwithstanding the language of the proviso in the repealing act of 1925. But this matter is before me upon a rule to show cause, and the question is a reasonably and fairly debatable one, and therefore the writ should be allowed.

The other question, in the absence of facts showing that the assessment commissioners examined the work and viewed the lands and real estate in the vicinity of the improvement benefited by the improvement subsequent to the calling of the meeting to hear parties interested instead of prior to calling such meeting, I should also have to decide against the contentions of the prosecutor.

As to this matter there is nothing before me other than the language of the report of the commissioners, and that makes the situation contended for by no means certain. Section 20 of the act of 1917, requiring the commissioners to examine the work and view the lands is itself not perfectly clear as to the order of the proceeding in point of time. The language, so far as pertinent, is: "The officer or board charged with the duty of making assessments for benefits, when notified of the completion of a local improvement, shall examine the said work and view all lands and real estate in the vicinity of said local improvement benefited by said improvement. Said officer or board shall thereupon fix a time and place for the hearing of all persons interested." Whether the examination and view must precede the giving of notice of the meeting or may follow it may give rise to some doubt. The sensible view must be that the examination and view must precede the actual holding of the meeting. So long as the examination and view of the lands proceeded the meeting to hear persons interested, I think it would be a matter too immaterial to warrant a review of the assessments whether the examination and view proceeded or followed the giving of notice.

As my finding upon the other question leads to an allowance of the writ, this point can also be raised and argued as a reason under said writ.